JS-6

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>vs.<br><br>PETRO RESOURCES CORP., CLINTON SAMUEL MCCLINTOCK,  AUSTRAL OIL & EXPLORATION, INC., MYRON J. PALERMO, ITS CONSULTING, INC., INTEGRITY FINANCIAL GROUP, TRITECH INVESTMENT GROUP, LTD., ALAN B. BAIOCCHI, DAVID E. MORRIS, AND JAMES SILVER,<br><br>                    Defendants. | Case No. SA CV 00-17 AHS (EEx)<br><br><br>FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO MYRON J. PALERMO |

The Securities and Exchange Commission having filed a Complaint and

Defendant Myron J. Palermo ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) or (c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant is liable for disgorgement of $120,000, representing profits gained

as a result of the conduct alleged in the Complaint, together with prejudgment

interest thereon in the amount of $128,824.22, for a total of $248,824.22.  Based

on Defendant's sworn representations in his Statement of Financial Condition

dated May 5, 2008 and other documents and information submitted to the

Commission, however, the Court is not ordering Defendant to pay a civil penalty,

and disgorgement and pre-judgment interest thereon is waived.  The determination

not to impose a civil penalty and to waive payment of disgorgement and pre-

judgment interest is contingent upon the accuracy and completeness of Defendant's

Statement of Financial Condition. If at any time following the entry of this Final

Judgment the Commission obtains information indicating that Defendant's

representations to the Commission concerning his assets, income, liabilities, or net

worth were fraudulent, misleading, inaccurate, or incomplete in any material

respect as of the time such representations were made, the Commission may, at its

sole discretion and without prior notice to Defendant, petition the Court for an

order requiring Defendant to pay the unpaid portion of the disgorgement, pre-

judgment and post-judgment interest thereon, and the maximum civil penalty

allowable under the law.  In connection with any such petition, the only issue shall

be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery. Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that the Consent is incorporated herein with the same force and effect as if fully set

forth herein, and that Defendant shall comply with all of the undertakings and

agreements set forth therein.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that this Court shall retain jurisdiction of this matter for the purposes of enforcing

the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

forthwith and without further notice.


Dated: June 1, 2009


ALICEMARIE H. STOTLER
ALICEMARIE H. STOTLER
United States District Judge